UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Pastificio Gentile S.r.l.,<br><br>                    Plaintiff,<br>   v.<br>United States,<br><br><br>                    Defendant. | Court No. 24-00037<br><br>Complaint |

# COMPLAINT

Plaintiff Pastificio Gentile S.r.l., by and through its attorneys, alleges and states the following claims against the defendant United States.

## JURISDICTION

1. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(A)(i)(I), 19 U.S.C. §1516a(a)(2)(B)(iii), and 28 U.S.C. §1581(c) to contest the final results issued by the United States Department of Commerce, International Trade Administration (ITA) in the §751 administrative review of the countervailing duty order on *Certain Pasta from Italy*, as amplified by the Issues and Decision Memorandum for the Final Results, which was incorporated by reference in the Final Results *Federal Register* notice published at 89 Fed. Reg. 3382 (January 18, 2024).

2. The United States Court of International Trade has exclusive jurisdiction

*Pastificio Gentile S.r.l., v. United States*
Court No 24-00037
February 29, 2024
Page 2

over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced under §516A of the Tariff Act of 1930, 19 U.S.C. §1516a.

## STANDING

3. Plaintiff Pastificio Gentile S.r.l., ("Gentile") is a Corporation organized under the laws of Italy. Plaintiff Gentile produced Pasta in Italy and exported the same to the United States. Gentile was an active participant in the Administrative Review and Gentile was designated as a mandatory respondent.

4. Pursuant to 19 U.S.C. §1516a(2), Gentile is an interested parties as defined in 19 U.S.C. §1677(9)(A) as Gentile was a party to the proceeding in connection with which this matter arises.

5. Plaintiff has standing under 28 U.S.C. §2631(c) to commence this action.

## TIMELINESS OF THIS ACTION

6. Plaintiffs commenced this action by filing a Summons with this Court on February 9, 2024, which was within thirty days after the date of the publication of the final results in the *Federal Register*. Plaintiffs are filing this complaint on February 29, 2024, which is within thirty days from the date of the filing of the Summons in accordance with Rule 6(a)and satisfies the timeliness requirement in accordance with 19 U.S.C. §1516a(a)(2)(A).

*Pastificio Gentile S.r.l., v. United States*
Court No 24-00037
February 29, 2024
Page 3

# THE ADMINISTRATIVE PROCESS

7. On September 6 2022, pursuant to a request for review filed on July 29, 2022 by Gentile, the Department initiated the Administrative Review underlying this matter. See *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 87 Fed. Reg. 54463 (September 6, 2022).

8. On October 13, 2022 the Department selected mandatory respondents. Gentile was not selected as a mandatory respondent.

9. On December 7, 2022, the Department selected Gentile as an additional mandatory respondent.

10. Between December 20, 2022 and June 20, 2023, plaintiff submitted responses to the Department's questionnaires.

11. On July 18, 2023 the Department published the preliminary results for the administrative review. Plaintiff Gentile was assigned a rate of 1.79%. See *Certain Pasta from Italy: Preliminary Results and Partial Rescission of Countervailing Duty Administrative Review; 2021*, 88 Fed. Reg 45886 (July 18, 2023).

12. On October 23 and October 24, 2023 the U.S. Department of Commerce conducted a verification of Gentile's questionnaire responses.

13. On November 27, 2023, plaintiffs filed an administrative case brief

*Pastificio Gentile S.r.l., v. United States*
Court No 24-00037
February 29, 2024
Page 4

with the Department of Commerce challenging the preliminary results.

14.  On January 12, 2024, the Department issued the final results.  On January 18, 2024, these results were published in the Federal Register at 89 Fed. Reg. 3382.  In the final results the Department assigned a rate of 88.67% based on an application of total adverse inferences

## STANDARD OF REVIEW

15.  The standard of review of a final determination made by the Department of Commerce in a countervailing duty case is set forth in 19 U.S.C. § 1516a(b)(1)(B)(I) as follows: "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." Therefore, the Court must remand any administrative determination made by the Department, which is unsupported by substantial evidence on the record as a whole or is otherwise not in accordance with law. *Koyo Seiko Co. v. United States*, 796 F. Supp. 1526, 1528, 16 CIT 539 (1992). Decisions of the Commerce Department "must be supported by adequate reasoning *Taian Ziyang Food v. United States*, 33 CIT , Slip Op. 09-67 (June 29, 2009) at 74 and 109; *Jinan Yipin Corp. v. United States*, 33 CIT , Slip Op. 09-70 (July 2, 2009) at 11; *Carpenter Technology, et al. v. United States*, 33 CIT , Slip Op. 09-134 (November 23, 2009) at 13. "Substantial evidence on the record means

'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 2 Fed. Cir. 130, 136, 744 F.2d. 1445, 1452 (1984) (footnote omitted).

16. This Court must hold as unlawful any decision by the Department, which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and not supported by substantial evidence on the record.

## CLAIMS

### COUNT ONE

17. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein

18. The Department's decision to take total adverse inferences and calculate the margin based on adverse facts is not supported by the facts.

19. The information purportedly withheld was minor in nature, had no impact on the calculation of the margin, and thus no important information was withheld.

*Pastificio Gentile S.r.l., v. United States*
Court No 24-00037
February 29, 2024
Page 6

20.    The Department cannot take adverse inferences in the absence of missing information and the Department's determination to do so was arbitrary and capricious and an abuse of discretion.

## COUNT TWO

21.    The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein

22.    The Department's determination to terminate the verification early and refuse to complete the verification was unreasonable.  Had the Department completed the verification, the Department would have been able to confirm the important fact – that Gentile had properly provided a questionnaire response for all of the relevant entities and that none of the purportedly missing data was ultimately required.

23.    The Department cannot create a failure by refusing to confirm information of record.

## COUNT THREE

24.    The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein.

25.     The Department's calculated margin based on adverse facts is a significant overstatement of the maximum margin that could apply, including

*Pastificio Gentile S.r.l., v. United States*
Court No 24-00037
February 29, 2024
Page 7

programs which are contradictory and cannot exist at the same time and multiple tax programs which combined exceed the total potential tax liability.

26. The Department's has an obligation, even if applying total adverse facts, to perform accurate calculations. A calculation which is impossible is necessarily not accurate and must be rejected.

## COUNT FOUR

27. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein.

28. The purpose of AFA is to deter non-cooperation, not to damage or destroy a company by the application of excessive tariffs.

29. The rate applied in this review is excessive and is not reasonably reflective of the rate that would have applied (1.79%) plus a reasonable amount for deterrence to ensure compliance.

## COUNT FIVE

30. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein.

31. The IRAP program was changed prior to the POR and a portion of this program had expired. The remainder of this program was previously found not to provide a countervailable subsidy.

*Pastificio Gentile S.r.l., v. United States*
Court No 24-00037
February 29, 2024
Page 8

32. The Department cannot include in any final rate an amount for a program for which previously been found not to be countervailable or for those portions which had been countervailable, which had expired. Such program necessarily provided no benefit.

## PRAYER FOR RELIEF

WHEREFOR, the plaintiffs respectfully request that this Court enter judgment as follows:

1. Sustaining counts one to five of plaintiffs' complaint;

2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;

3. Awarding attorney fees and costs; and

*Pastificio Gentile S.r.l., v. United States*
Court No 24-00037
February 29, 2024
Page 9

    4.  Providing such other relief as the court may deem just and appropriate.

                                Respectfully submitted,

                                /s/ David J. Craven

                                David J. Craven
                                Counsel to Pastificio Gentile S.r.l.

Date February 29, 2024                Craven Trade Law LLC
                                3744 N Ashland
                                Chicago, IL 60613
                                (773) 245-4010
                                dcraven@craventrade.com