Slip Op. 26-25

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| PASTIFICIO GENTILE S.R.L.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Before: Mark A. Barnett, Chief Judge<br>Court No. 24-00037 |

## OPINION

[Sustaining the U.S. Department of Commerce's remand redetermination in the administrative review of the countervailing duty order on certain pasta from Italy.]

Dated: March 5, 2026

David J. Craven, Craven Trade Law LLC, of Chicago, Illinois, for Plaintiff Pastificio Gentile S.r.l.

Sosun Bae, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States. Of counsel was Brien Stonebreaker, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Barnett, Chief Judge:  Before the court is a redetermination on remand by the U.S. Department of Commerce ("Commerce" or "the agency").  Final Results of Redetermination Pursuant to Ct. Remand, ECF No. 46-1 ("Remand Results").

Plaintiff Pastificio Gentile S.r.l. ("Gentile") commenced this case challenging the final results of Commerce's administrative review of the countervailing duty ("CVD") order on certain pasta from Italy, for which it had been selected as a mandatory respondent.  See Certain Pasta From Italy, 89 Fed. Reg. 3,382 (Dep't Commerce Jan. 18, 2024) (final results of CVD admin. rev.; 2021) ("Final Results"), ECF No. 14-4, and

accompanying Issues and Decision Mem., C-475-819 (Jan. 11, 2024), ECF No. 14-5; Confid. Mot. for J. on the Agency R. Pursuant to Rule 56.2 of the Rules of the U.S. Ct. of Int'l Trade, ECF No. 20, and accompanying Confid. Mem. of Law in Supp. of the Rule 56.2 Mot. of [Pl.] for J. upon the Agency R. ("Pl.'s Mem."), ECF No. 20-1.  Plaintiff challenged Commerce's use of total facts available with an adverse inference ("total AFA") for Gentile as inappropriate, Commerce's decision to terminate verification early as an abuse of discretion, and Commerce's selected subsidy rate as a violation of the Excessive Fines Clause of the Eighth Amendment.  Pl.'s Mem. at 9, 13, 26.

This court affirmed the *Final Results* in part and remanded in part.  *Pastificio Gentile S.r.l. v. United States*, 49 CIT __, 798 F. Supp. 3d 1352 (2025).  The court found that Commerce's application of total AFA was supported by substantial evidence and in accordance with law, Commerce did not abuse its discretion when it terminated verification, and Commerce's application of total AFA did not violate the Eighth Amendment.  *Id.* at 1358–62.  However, the court remanded the *Final Results* for Commerce to explain why it included programs that it had verified were unused during the period of review ("POR").  *Id.* at 1362–63.

On January 23, 2026, Commerce issued its Remand Results.  Therein, Commerce further explained the rationale for including subsidy programs in the total AFA rate calculation that the court had identified as questionable.  Commerce clarified that only one tax program that was verified as not used during the POR was incorporated into the total AFA rate, and that the exclusion of this program alone would not change the total AFA subsidy rate because of the manner in which Commerce

Court No. 24-00037 Page 3

determines the benefit for income tax programs.  Remand Results at 5–6.  Commerce also explained that its non-use finding based on the verification at the Government of Italy is of limited relevance to Gentile because that verification occurred prior to Commerce's discovery of unreported Gentile affiliates such that Commerce was unable to examine their usage of subsidy programs at verification.  *Id.* at 6–9.

Commerce had issued Draft Results of Redetermination on January 12, 2026; however, Gentile did not submit comments to Commerce.  *Id.* at 5.

### JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2018), and 28 U.S.C. § 1581(c) (2018). The court will uphold an agency determination that is supported by substantial evidence and otherwise in accordance with law.  19 U.S.C. § 1516a(b)(1)(B)(i).

### DISCUSSION

In its Remand Results, Commerce provided further explanation with respect to its treatment of certain subsidy programs that were verified as not used during the administrative review.  Gentile did not file any comments in opposition to the Remand Results.  Commerce's Remand Results are uncontested and comply with the court's remand order.  In the absence of any challenge to the Remand Results, there are no further issues for the court to adjudicate.

## Conclusion

There being no challenges to the Remand Results, and that determination being otherwise lawful and supported by substantial evidence, the court will sustain Commerce's Remand Results. Judgment will be entered accordingly.

/s/     Mark A. Barnett
Mark A. Barnett, Chief Judge

Dated: March 5, 2026
New York, New York